JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 27 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 616

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE TERA CORPORATION SECURITIES LITIGATION

TRANSFER ORDER

    This litigation consists of four actions pending in two districts as follows: three actions in the Northern District of California and one action in the Northern District of Illinois. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, by TERA Corporation (TERA) and nine other parties that are defendants in some or all of the actions for transfer of the Illinois action to the Northern District of California for coordinated or consolidated pretrial proceedings with the actions pending there. The plaintiffs in the three actions pending in the Northern District of California state that they neither support nor oppose the Section 1407 motion, but they favor selection of the Northern District of California as transferee forum if the Panel concludes that centralization is appropriate in this docket. Plaintiffs in the Illinois action oppose transfer. Alternatively, the Illinois action plaintiffs favor centralization in the Northern District of Illinois if the Panel determines to order centralization. Alexander Grant & Co. (Alexander Grant), an accounting firm named in the Illinois action, requests the Panel to defer ruling on transfer until the Illinois court has ruled on Alexander Grant's motion to dismiss, and/or, if the Panel orders transfer in this docket, to separate the claims against Alexander Grant from the other claims in the Illinois action so that the claims against Alexander Grant can be adjudicated in Illinois.

    On the basis of the papers filed and the hearing held, the Panel finds that these four actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All four actions involve allegations of federal securities law violations in connection with the sale of TERA stock and share factual questions concerning i) the accuracy and completeness of TERA offering materials, and ii) factors resulting in the drop in market value in TERA's shares. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

    We see no reason why Alexander Grant's motion for dismissal cannot be decided by the transferee judge, nor are we persuaded that the claims against Alexander Grant do not involve factual questions common to other claims in the actions in this docket. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that the claims against Alexander Grant can

be remanded to the Northern District of Illinois in advance of the other claims in the Illinois action. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of the claims against Alexander Grant appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 11, R.P.J.P.M.L., 89 F.R.D. 273, 280-82 (1981).

We are persuaded that the Northern District of California is the appropriate forum for this litigation. We note, inter alia, that 1) TERA was headquartered there and most of the individual defendants reside there, thus making it likely that many relevant witnesses and documents will be found there; 2) TERA's audit was performed by the San Francisco office of Alexander Grant; and 3) three of the four actions are already pending in the Northern District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Northern District of Illinois be, and same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William H. Orrick, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-616 -- IN RE TERA CORPORATION SECURITIES LITIGATION</u>

<u>Northern District of California</u>

<u>William B. Weinberger, et al. v. Michael John Keaton, et al.,
C.A. No C-84-1234-WHO</u>

<u>Jonathan Andron, et al. v. Michael John Keaton, et al.,
C.A. No. C-84-4557-WHO</u>

<u>Sci Tech Investment Partners, et al. v. Michael John Keaton, et
al., C.A. No. C-84-4978-WHO</u>

<u>Northern District of Illinois</u>

<u>The Northern Trust Co., etc., et al. v. TERA Corp., et al.,
C.A. No. 84-C-3817</u>